UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. ROBERT LANCE WILSON, D.O., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14 CV 10521 |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, et al., | ) Judge Rebecca R. Pallmeyer |
| Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF
ON FOURTH AMENDMENT CLAIMS**

The Court's March 25, 2019 Memorandum Opinion and Order (D.N. 100) directed the parties to submit "further briefing on whether Dr. Wilson's medical license constitutes a paper or effect within the meaning of the Fourth Amendment." (*Id*. p. 19)

The only additional authority that Plaintiff's counsel has been able to locate on either side of the issue is *Lilah's, Inc. v. Lacey*, 2017 U.S. Dist. LEXIS 48801 (N.D. Ill. Mar. 31, 2017), where the plaintiff alleged that the state officer's "confiscation of [the plaintiff's liquor] License was an unreasonable seizure under the *Fourth Amendment* . . .." *Id*. at *5-6 (emphasis in original). While the Court in *Lilah's* ultimately dismissed the plaintiff's Complaint upon summary judgment on the basis of qualified immunity, Judge Blakey noted that it was "undisputed" that a liquor license "is property for purposes of constitutional analysis" (*id.* at *6, *citing Brunson v. Murray*, 843 F.3d 698, 713 (7th Cir. 2016)), and then assumed, without directly deciding, that the Fourth Amendment protected the owner of the liquor license from the State's unreasonable seizure of that license.

Without repeating the arguments set forth in Plaintiff's prior Response (D.N. 98), Plaintiff can only fall back on the plain language of the words used in the Fourth Amendment -- "papers

and effects" -- and that "papers" as used by the Framers in the Fourth Amendment must mean something different than "effects". In *Oliver v. United States*, 466 U.S. 170, 177 n. 7 (1984), the Supreme Court ruled that "[t]he Framers would have understood the term 'effects' to be limited to personal, rather than real, property." Since "papers" must mean something more than mere physical pieces of paper (otherwise, there is a redundancy with "effects" as constituting personal property), the Framers must have contemplated that a person's "papers" protected against unreasonable seizure included not only the physical piece of paper (*i.e.*, the person's "effects" or personal property), but also the person's "property rights" that are embodied by that physical piece of paper. Just as it is "undisputed" that a liquor license "is property for purposes of constitutional analysis" (*Lilah's*, 2017 U.S. Dist. LEXIS 48801 at *6), it should likewise be clear that Dr. Wilson's medical license is property for purposes of constitutional analysis. *See Bell v. Burson*, 402 U.S. 535, 539 (1971) (a license to practice one's calling or profession is a protected property right); *Barry v. Barchi*, 443 U.S. 55, 64 (1979) (horse trainer had a protected property interest in his state license to train horses).

While Dr. Wilson's medical license was reflected by a paper certificate issued by the State of Illinois Medical Licensing Board, here (unlike in *Lilah's*), the State did not seize that paper license, which was part of Dr. Wilson's "effects". Rather, the State unreasonably seized the property right reflected by that paper certificate: Dr. Wilson's right to continue with the practice of medicine in the State of Illinois. There is not any principled reason why the Fourth Amendment's protection against the unreasonable seizure of "papers" would not include the State's unreasonable revocation of Dr. Wilson's right to continue with the practice of medicine, which is a vested property right for purposes of constitutional analysis. *See West v. Bailey*, 2012 U.S. Dist. LEXIS 40209, *9-10, 2012 WL 993301, *3 (S.D. Cal. Mar. 23, 2012) (revocation of nursing

license based on licensee's refusal to submit to allegedly unlawful fingerprinting requirement stated cognizable Fourth Amendment claim). And any such ruling would not open the floodgates for additional §1983 Fourth Amendment litigation, as the claimant would still have to show that the State's revocation of the license reflected by the "paper" constituted a "seizure" which was, in fact, "unreasonable". *See Gustard v. Harris*, 2017 U.S. Dist. LEXIS 197443, *27 (E.D. Cal. Nov. 30, 2017), *adopted*, 2018 U.S. Dist. LEXIS 7627, *1 (E.D. Cal. Jan. 17, 2018) ("it is *conceivable* that a plaintiff could adequately allege that the state's revocation of an occupational license constitutes a 'seizure' under the *Fourth Amendment* [, which] *might* occur if the state revoked a license based on the licensee's refusal to submit to a licensing requirement that invades certain privacy interests") (emphasis in original).

Here, Dr. Wilson specifically alleged that he had "a property interest in his medical license which was protected against unreasonable seizure by the Fourth Amendment (as applied to the State's through the Fourteenth Amendment) . . .." (D.N. 90 ¶85) We respectfully request the opportunity to let a jury, proud and true, decide whether the Department's wrongful revocation of Dr. Wilson's medical license for over 16 and ½ years (and thus the destruction of Dr. Wilson's career as a medical doctor) "was an unreasonable seizure under the Fourth Amendment . . .." *See Lilah's*, 2017 U.S. Dist. LEXIS 48801 at *6.

Respectfully submitted,

ARMSTRONG LAW FIRM, P.C.

DATED: June 21, 2019.   By  *F. Dean Armstrong*
    F. Dean Armstrong
ARDC #6199894
23353 S. 88th Avenue
Frankfort, IL  60423
815/464-3243
armstronglaw@sbcglobal.net

**Attorneys for Plaintiff**
**Dr. Robert Lance Wilson, D.O.**

## Certificate of Service

    I hereby certify that on the 21st day of June, 2019, a copy of the foregoing PLAINTIFF'S SUPPLEMENTAL BRIEF ON FOURTH AMENDMENT CLAIMS was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system of by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/F. Dean Armstrong*