# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. ROBERT LANCE WILSON, D.O. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 10521 |
| ) | |
| ILLINOIS DEPARTMENT OF FINANCIAL ) | Judge Rebecca R. Pallmeyer |
| AND PROFESSIONAL REGULATION; ) | |
| ANDREW GORCHYNSKY; THOMAS ) | |
| GLASGOW; LEONARD A. SHERMAN; ) | |
| JAY STEWART; and THE STATE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Wilson, a cardiologist, brought this Section 1983 action against employees of the Illinois Department of Financial and Professional Regulation ("IDFPR") in connection with the suspension of his medical license in 1998. This lawsuit, filed in 2014, followed years of administrative proceedings and related litigation in Illinois state courts. On March 25, 2019, the court granted in part and denied in part Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint. *See Wilson v. Illinois Dep't of Fin. & Prof'l Regulation*, 376 F. Supp. 3d 849 (N.D. Ill. 2019). The court assumes familiarity with the facts of this case as described in that order. Relevant here, the court requested further briefing on whether a medical license constitutes a "paper" or "effect" within the meaning of the Fourth Amendment to the U.S. Constitution. Pending that briefing, the court reserved judgment on Plaintiff's claims that Defendants Dr. Jay Stewart, Dr. Andrew Gorchynsky, and Thomas Glasgow violated the Fourth Amendment by suspending his medical license and/or allowing the license to remain suspended.[1] Likewise, the court

---

[1] At all relevant times, Defendant Stewart was the Director of the IDFPR and Defendant Gorchynsky was the Chief Medical Coordinator of the IDFPR's Department of Professional Regulation ("DPR"). *See Wilson*, 376 F. Supp. 3d at 856, 857, 863. Defendant Glasgow was the Chief of Medical Prosecutions at the DPR. *See id.* at 856. Plaintiff originally asserted the Fourth Amendment claim against Does 1-5 and Does 21-30 as well, but the court

reserved judgment on Plaintiff's claim that all Defendants conspired to violate his constitutional rights.

Having reviewed the parties' supplemental briefing (*see* Defs.' Supp. Mem. [105]; Pl.'s Supp. Br. [106]), the court now grants Defendants' motion to dismiss Plaintiff's Fourth Amendment and conspiracy claims against Defendants Stewart, Gorchynsky, and Glasgow. This order does not affect the procedural due process claims that remain against Defendant Stewart. *See Wilson*, 376 F. Supp. 3d at 869 (denying Defendants' motion to dismiss Plaintiff's claims that Stewart's handling of the license revocation proceedings violated his Fourteenth Amendment right to procedural due process).

## DISCUSSION

**A.    Fourth Amendment Claims**

The Fourth Amendment states, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST., AMEND. IV. The Amendment's "basic purpose . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara v. Mun. Court of City & Cnty. of San Francisco*, 387 U.S. 523, 528 (1967)). It "protects two types of expectations, one involving 'searches,' the other 'seizures'." *Soldal v. Cook Cnty., Illinois*, 506 U.S. 56, 63 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Soldal*, 506 U.S. at 63 (quoting *Jacobsen*, 466 U.S. at 113). "A 'seizure' of property occurs where there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 63 (quoting *Jacobsen*, 466 U.S. at 113); *see also, e.g.*, Hamilton v. City of New Albany,

---

dismissed those Defendants from this lawsuit because Plaintiff did not timely identify them or serve them with process. *See id.* at 873.

*Indiana*, 698 F. App'x 821, 824 (7th Cir. 2017) ("[O]wnership is not dispositive under the Fourth Amendment; a seizure occurs when a government official interferes with a 'possessory interest.'" (citing *Soldal*, 506 U.S. at 65-66)). The Fourth Amendment protects against unreasonable seizures of property even where privacy and liberty interests are absent. *See Soldal*, 506 U.S. at 65; *Hamilton*, 698 F. App'x at 824. But although "the Fourth Amendment's reach extends to property as such," it "does not protect possessory interests in all kinds of property." *Soldal*, 506 U.S. at 62 n.7.

Plaintiff alleges that Defendants unreasonably seized his medical license by suspending it and/or allowing it to remain suspended. (*See* Fourth Am. Compl. [90] (Counts II through IV).) In his supplemental briefing, Plaintiff clarifies that his theory is not that Defendants seized the paper copy of his license, but rather that they seized "the property right reflected by" the paper license: the "right to continue with the practice of medicine" in Illinois. (Pl.'s Supp. Br. at 2.) According to Plaintiff, the paper copy of his license is a "paper" or "effect" for Fourth Amendment purposes, and there is no "principled reason" why the Fourth Amendment's prohibition against unreasonable seizure of papers or effects would not also include a prohibition against the unreasonable revocation of the right to practice medicine. (*Id.*)

Plaintiff has not cited authority for the notion that one can "own" his ability to pursue his profession. Nor does he offer authority for an argument that the Fourth Amendment protects a possessory interest in one's ability to pursue his profession. Plaintiff's citation to *Oliver v. United States*, 466 U.S. 170 (1984), is uninformative for the reason this court has already explained: it establishes that an open field is not an "effect", and an open field is not remotely analogous to one's ability to practice medicine. *See Wilson*, 376 F. Supp. 3d at 867 (citing *Oliver*, 466 U.S. at 176). Plaintiff also points to *Lilah's, Inc. v. Lacey*, No. 15 CV 5017, 2017 WL 1197102 (N.D. Ill. Mar. 31, 2017), where, in assessing a Fourth Amendment claim based on the seizure of a liquor license, a court in this district stated that a liquor license "is property for purposes of constitutional analysis." *Id.* at *3. Respectfully, the court is not persuaded that *Lilah's* supports Plaintiff's reading

3

of the Fourth Amendment. The quoted language from *Lilah's* is based on *Brunson v. Murray*, 843 F.3d 698 (7th Cir. 2016), where the Seventh Circuit stated that "an Illinois liquor license is a property interest within the meaning of the *due process clause*." *Id.* at 713 (emphasis added); *see Lilah's*, 2017 WL 1197102, at *3 (quoting same). Because *Brunson* did not address whether there is an ownership or possessory interest in a business or professional license for purposes of the Fourth Amendment, both *Brunson* and *Lilah's* are inapposite here. Plaintiff's reliance on *Barry v. Barchi*, 443 U.S. 55 (1979) and *Bell v. Burson*, 402 U.S. 535 (1971) is misplaced for the same reason: in both cases, the Supreme Court determined that the plaintiffs had protected property interests in their professional licenses for Fourteenth Amendment due process purposes, not for Fourth Amendment purposes. *See Barry*, 443 U.S. at 64; *Bell*, 402 U.S. at 539.

Plaintiff's reference to several unreported decisions is also unhelpful. He contends that *Gustard v. Harris*, No. 2:17-cv-0012-EFB P, 2017 WL 5900087 (E.D. Cal. Nov. 30, 2017), and *West v. Bailey*, No. 11-cv-1760-MMA (POR), 2012 WL 993301 (S.D. Cal. Mar. 23, 2012), show that the Fourth Amendment protects his ability to practice medicine. In both cases, the courts acknowledged that if the government revokes a professional license because the licensee refuses to comply with demands that invade his privacy, the government might be said to have seized the license within the meaning of the Fourth Amendment. *See Gustard*, 2017 WL 5900087, at *10; *West*, 2012 WL 993301, at *1, *3. Plaintiff here does not allege that Defendants revoked his medical license under such circumstances, so *Gustard* and *West* do not assist him. Plaintiff is left without any support for the argument that the ability to pursue his profession is something he can own or possess for Fourth Amendment purposes. Notably, some courts have expressly held that it is not. *See, e.g.*, *Adams v. City of Greensburg*, No. CV 17-550, 2018 WL 1318068, at *4 & n.4 (W.D. Pa. Mar. 14, 2018) ("The Fourth Amendment does not protect continued employment as a property interest subject to 'seizure.' . . . The Court notes that the Amendment's language ('persons, houses, papers, and effects') does not, on its face, include property interests such as employment."); *Curasco v. Calabrese*, No. CV 2:15-3963 (CCC), 2016 WL 5219583, at *4 (D.N.J.

4

Sept. 20, 2016) ("To the extent that Plaintiff attempts to characterize her claim as one for unreasonable 'seizure' of her employment, no Section 1983 cause of action lies." (citing *Skrocki v. Caltabiano*, 511 F. Supp. 651, 653 (E.D. Pa. 1981) (highlighting the plaintiff's lack of authority "for the proposition that a person's alleged property interest in his employment can be 'seized' within the meaning of the Fourth Amendment"))).

Unable to provide legal support for his Fourth Amendment theory, Plaintiff instead premises the Fourth Amendment claim on the same allegations that underpin his Fourteenth Amendment due process claims: that is, he takes issue with the process Defendants employed to revoke his medical license. (*See, e.g.*, Fourth Am. Compl., Counts II to IV (alleging that Defendants unreasonably seized his medical license by continuing license revocation proceedings after his license was summarily suspended, causing or allowing delays in the proceedings, and making defamatory statements[2] in connection with the proceedings).) The court has already determined that Plaintiff's procedural due process claims can proceed against just one Defendant—Jay Stewart. *See Wilson*, 376 F. Supp. 3d at 867-71. On this record, rather than resolve whether a medical license and/or the ability to practice medicine is a paper or effect within the meaning of the Fourth Amendment, the court construes Plaintiff's Fourth Amendment claim as a Fourteenth Amendment procedural due process claim and dismisses the Fourth Amendment claim with prejudice. *See, e.g.*, *Phillips v. State Bar of Nevada*, No. 2:14-CV-2031 JCM (VCF), 2016 WL 829976, at *2 (D. Nev. Mar. 3, 2016) (construing as a Fourteenth Amendment due process claim the plaintiff's assertion that the State Bar violated the Fourth Amendment by "depriv[ing] him of a valuable property right—his license to practice law—without a fair and impartial hearing"); *Coaxum v. Washington*, No. C10-1815-MAT, 2012 WL 1034231, at *12 n.10 (W.D. Wash. Mar. 26, 2012) ("[W]hile plaintiff also maintains the seizure of her [in-home

---

[2] Plaintiff does not elaborate on how allegations concerning defamation could state a Fourth Amendment claim, so the court disregards those allegations if they purport to describe conduct independent of the license suspension proceedings.

daycare] license violated her rights under the Fourth Amendment, this claim is properly considered in relation to the Fourteenth Amendment."); *House v. Campion*, No. 08-cv-2917 (RHK/JJK), 2009 WL 1850874, at *1, *9 (D. Minn. June 25, 2009) (adopting magistrate judge's recommendation to construe the plaintiff's Fourth Amendment claim based on the revocation of his driver's license as "synonymous" with the plaintiff's Fourteenth Amendment due process claim based on the same, and to dismiss the Fourth Amendment claim with prejudice), *aff'd*, 367 F. App'x 726 (8th Cir. 2010).

In dismissing Plaintiff's Fourth Amendment claim, the court notes that Defendants concede that "an individual may have a 'protected property interest' in a license for purposes of a due process claim" even if he lacks an ownership or possessory interest in a license for Fourth Amendment purposes. (Defs.' Supp. Mem. at 6.) Relatedly, Defendants concede that under Illinois law, "a license to practice medicine is a 'property right,' within the meaning of the constitutional guarantees of due process of law," which "means that proceedings to revoke medical licenses must comply with procedural due process guarantees." *Hayashi v. Illinois Dep't of Fin. & Prof'l Regulation*, 25 N.E.3d 570, 579, 388 Ill. Dec. 878, 887, 2014 IL 116023 ¶ 29 (2014); *see* Defs.' Supp. Mem. at 6. The court agrees that Plaintiff's claim is one for denial of due process, not of a Fourth Amendment violation.

B.  **Conspiracy Claims**

Because the court has dismissed Plaintiff's Fourth Amendment claims, the only remaining claims are the procedural due process claims against Defendant Stewart and the claim that all Defendants conspired to violate Plaintiff's constitutional rights. Plaintiff does not dispute that the Fourth Amended Complaint lacks plausible allegations that Defendants Gorchynsky and Sherman conspired with Defendant Stewart to deprive Plaintiff of his procedural due process rights. (*See* Defs.' Supp. Mem. at 15; *see generally* Pl.'s Supp. Br.) Accordingly, and because there are no substantive constitutional claims against Defendants Gorchynsky and Sherman, the conspiracy claims against those Defendants are dismissed with prejudice. *See, e.g.*, *Smith v.*

6

Gomez, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions.") (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("The jury's conclusion that the Cefalus suffered no constitutional injury thus forecloses relief on the conspiracy claim."))  And because a civil conspiracy requires an agreement between two or more individuals, *see, e.g.*, *Cooney v. Cassidy*, 735 F.3d 514, 519 (7th Cir. 2013), Plaintiff's conspiracy claims against Defendant Stewart are dismissed with prejudice as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's Fourth Amendment claims are dismissed with prejudice, as are his Section 1983 conspiracy claims against Defendants Gorchynsky, Sherman and Stewart.  Because there are no remaining claims against Defendants Gorchynsky and Sherman, those Defendants are dismissed from this lawsuit.

ENTER:

Dated:  May 5, 2021

_____
REBECCA R. PALLMEYER
United States District Judge